**ZENITH LIMESTONE CO. et al. v. EXCHANGE TRUST CO.**

No. 24128.    Oct. 22, 1935.

Rehearing Denied Dec. 3, 1935.

Jos. L. Hull and W. D. Calkins, for plaintiffs in error.

Yancey, Spillers & Fist, by Joe Seger, for defendant in error.

McNEILL, C. J. This appeal concerns the confirmation of a sheriff's sale of property under foreclosure of mortgage.

The Exchange Trust Company, on March 5, 1932, recovered a judgment against the Zenith Limestone Company in an action to foreclose a mortgage upon certain real estate and personal property belonging to the Limestone Company. The sheriff of Tulsa county advertised said property for sale in the Tulsa Daily Legal News, a newspaper published in the city of Tulsa. At the sale the Exchange Trust Company, mortgagee, plaintiff below, bid $14,700 for the real estate, which was more than two-thirds of its appraised value, and also bid $20,000 for the personal property which was offered for sale without appraisement.

The Limestone Company filed objections to the confirmation of said sale. The trial court overruled these objections, confirmed said sale, and this appeal, prosecuted by the Zenith Limestone Company, challenges the judgment of the trial court in overruling its objections to the confirmation of said sale.

Counsel for the Limestone Company present two assignments of error:

(1) That the property was not advertised for sale in accordance with that portion of section 455, O. S. 1931, which was an amendment to section 708, C. O. S. 1921, by the 1927 Legislature, and which provision reads as follows:

"* * * Provided that in counties now having a population of one hundred ten thousand (110,000) or more, according to the last federal census, the advertisement shall be published in some newspaper published in the city or township where said lands and tenements lie, or if there be no newspaper in such city or township, then in some newspaper published in the county."

(2) That the plaintiff failed to properly differentiate between the real property and personal property, both types of which were included in the mortgage; that a portion of the property listed as personal property in the order of sale which included the buildings was sold without appraisement when such property constituted a part of the real property covered by the mortgage.

The appellant, Zenith Limestone Company, urges under its first proposition that the city of Tulsa lies within two townships, to wit, Lynn Lane township and Red Fork township, which are divided by the Arkansas river; that the city of Tulsa lies within Lynn Lane township and West Tulsa within Red Fork township; that in West Tulsa there is published the West Tulsa News, a newspaper qualified to publish legal notices; that the property was advertised for sale by publishing the notice in the city of Tulsa, although the property was located in another township, to wit, Red Fork township, in which was published the West Tulsa News.

The Exchange Trust Company, appellee, contends that the portion of said section

455, supra, is unconstitutional and void and that said provision does not apply in this case for the reason that the West Tulsa News is a paper published in Red Fork township, and for the further reason that Tulsa county did not have a population sufficient to come within the requirements of the statute.

The proof does not show that the West Tulsa News is a newspaper published in Red Fork township. The property in question was located in Red Fork township, but West Tulsa is a part of the incorporated city of Tulsa, and West Tulsa adjoins and is contiguous to Red Fork township. The West Tulsa News and Tulsa Daily Legal News are published in the city of Tulsa. The referred to section of the statute has no application in the case at bar.

The mortgage in question gave the Exchange Trust Company a lien upon an entire rock crusher and quarry consisting of both real estate and personal property, and specifically recites and sets out the property involved without attempting to separate the real property from the personal property. The order of sale attempts to separate the real property from the personal property and directs that certain real property, specifically listed, should be appraised and sold and that the personal property as listed should be offered for sale without appraisement. The mortgage does not waive appraisement. The property listed as personal property in the order of sale shows as follows:

"1 Storage bin for 1000 tons; buildings for housing, floors, etc., for crusher; motors, switchboards· conveyors and office.

"1 stone building 18 feet x 20 feet.

"1 8-room modern house."

The notice of sheriff's sale recited that, if the real estate did not bring sufficient to pay the indebtedness in full, then certain personal property would be offered for sale, and among the property listed as personal there were mentioned the aforesaid buildings. The evidence shows that the appraisers appraised these buildings, which were listed as personal property, as part of the real estate. The buildings were thus considered as part of the real estate and appraised as such and used in the sale of the real estate under appraisement and were again specifically mentioned and considered in the sale of the personal property. In fact, the buildings were twice considered in the sale of

the property levied upon, and the appellant, defendant below, has no cause to complain.

The judgment of the trial court is affirmed.

RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.